UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| AARON BALL and DEANA ANDERSON, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 22-179-DCR |
| V. | ) ) ) | |
| LIBERTY MUTUAL GROUP INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Plaintiffs Aaron Ball and Deana Anderson filed this breach of contract action against Liberty Mutual Group Inc. after Liberty failed to settle an insurance claim to the plaintiffs' satisfaction. However, the terms of the relevant insurance policy allowed either party to invoke an appraisal process, which Liberty did following the institution of this lawsuit. Both parties' appraisers agreed on a loss amount, which Liberty paid to the plaintiffs in September 2023. Liberty filed a motion for summary judgment on September 20, 2023, after the plaintiffs refused to voluntarily dismiss the lawsuit.

The motion for summary judgment will be granted because the breach of contract claim raised in the Complaint fails as a matter of law.

I.

Aaron Ball and Deana Anderson's property was damaged by a tornado on December 6, 2021. Ball and Anderson subsequently submitted a claim to Defendant Liberty Mutual Group Inc. ("Liberty") under policy number H3V-288-785607-40 ("the Policy"). The defendant evaluated the claim and calculated a payment of covered damages of $22,019.61 on

December 30, 2021. [Record No. 40-1] The plaintiffs responded days later with a contractor's quote for $112,702.00 and an estimate from the plaintiffs' public adjuster for the same amount. Liberty re-inspected the property and prepared a revised estimate for $54,835.96. The plaintiffs also rejected this estimate as inadequate.

While the parties continued to dispute the true amount of damages, Ball and Anderson filed suit against Liberty for breach of contract in the Scott Circuit Court on June 3, 2022. The defendant timely removed the matter to this Court based on diversity jurisdiction.

Shortly after removal, the defendant invoked the following provision of the Policy:

> 6. Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. **If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.** If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
> Each party will:
> a. Pay its own appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

(emphasis added).

Liberty has filed a motion for summary judgment, indicating that the appraisal process recently concluded, with a final appraisal award having been agreed to by both parties' designated appraisers.

## II.

Summary judgment is appropriate when the moving party shows that there is no genuine dispute regarding any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23

(1986). Once the moving party has satisfied this burden, the burden shifts to the nonmovant. The nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). In other words, the nonmoving party must present "significant probative evidence that establishes more than some metaphysical doubt as to the material facts." *Golden v. Mirabile Invest. Corp.*, 724 F. App'x 441, 445 (6th Cir. 2019) (citation and alteration omitted).

The Court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, a dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. The Court may not weigh the evidence or make credibility determinations, but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251–52 (1986). *See also Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). The interpretation of contracts is appropriately determined through summary judgment when there are no other factual issues in dispute. *Ky. Ass'n of Cnty. Workers' Comp. Fund v. Cont. Cas. Co.*, 157 F. Supp. 3d 678, 681 (E.D. Ky. 2016).

### III.

In ascertaining the meaning of contract language, including insurance policies, clear and unambiguous words are attributed their plain and ordinary meanings. *Foreman v. Auto Club Property-Casualty Ins. Co.*, 617 S.W.3d 345, 350 (Ky. 2021). The plaintiffs do not dispute that the appraisers submitted a written report of agreement to Liberty. Instead, they

continue to express dissatisfaction with the ultimate payment amount, *despite their appraiser's agreement to it*. [*See* Record No. 39-1, p. 2.] But according to the plain language of the Policy's appraisal provision, the amount agreed upon by the parties' appraisers establishes the amount of the loss. *See, e.g., Thomas v. Std. Fire Ins. Co.*, 2016 WL 638559, at *4 (Tenn. Ct. App. Feb. 17, 2016) (observing that the plain language of the insurance contract provided that the appraisal determination bound the parties). The Court lacks authority to rewrite the parties' contract simply because the plaintiffs are unhappy with the result.

The plaintiffs also attempt to assert new claims for the first time in response to Liberty's motion for summary judgment. First, the plaintiffs claim that Liberty breached the Policy and violated Kentucky Revised Statute § 304.12-235 by failing to pay the insurance claim within 30 days.[1] They also argue that Liberty violated various provisions of the Kentucky Unfair Claims Settlement Practices Act, K.R.S. § 304.12-230. But it is well established that plaintiffs may not expand the scope of their claims in a brief filed in opposition to a summary judgment motion. *See Hazelwood v. Tenn. Dept. of Safety*, 322 F. App'x 441, 442 (6th Cir. 2009); *Tucker v. Union of Needletrades, Industrial & Textile Emps., et al.*, 407 F.3d 784 (6th Cir. 2005).

Based on the foregoing, it is hereby

**ORDERED** that Defendant Liberty Mutual Group, Inc.'s motion for summary judgment [Record No. 39] is **GRANTED**.

---

[1] The plaintiffs contend that "the appraisal was filed with the insurer on August 8, 2023," and "[t]he checks were not received until September 14, 2023." [Record No. 40, p. 4]

Dated: October 20, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky